## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS,        ) | |
|        ) | |
|       Plaintiff,      ) | |
|        ) | Case No. _____ |
|      v.        ) | |
|        ) | JURY TRIAL DEMANDED |
| RETAIL PROPERTIES OF AMERICA,   ) | |
| INC., GERALD M. GORSKI, BONNIE S.   ) | |
| BIUMI, FRANK A. CATALANO, JR.,   ) | |
| STEVEN P. GRIMES, RICHARD P.   ) | |
| IMPERIALE, PETER L. LYNCH, THOMAS   ) | |
| J. SARGEANT, KITE REALTY GROUP   ) | |
| TRUST, and KRG OAK, LLC,       ) | |
|        ) | |
|      Defendants.     ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on July 19, 2021 (the "Proposed Transaction"), pursuant to which Retail Properties of America, Inc. ("RPAI" or the "Company") will be acquired by Kite Realty Group Trust ("Parent") and KRG Oak, LLC ("Merger Sub," and together with Parent, "KRG").

2.      On July 18, 2021, RPAI's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with KRG.  Pursuant to the terms of the Merger Agreement, RPAI's stockholders will receive 0.6230 shares of KRG common stock for each share of RPAI common stock they own.

3.      On August 23, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RPAI common stock.

9.      Defendant RPAI is a Maryland corporation and a party to the Merger Agreement. RPAI's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "RPAI."

10.    Defendant Gerald M. Gorski is Chairman of the Board of the Company.

11.    Defendant Bonnie S. Biumi is a director of the Company.

12.    Defendant Frank A. Catalano, Jr. is a director of the Company.

13.    Defendant Steven P. Grimes is a director of the Company.

14.    Defendant Richard P. Imperiale is a director of the Company.

15.    Defendant Peter L. Lynch is a director of the Company.

16.    Defendant Thomas J. Sargeant is a director of the Company.

17.    The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.    Defendant Parent is a Maryland real estate investment trust and a party to the Merger Agreement.

19.    Defendant Merger Sub is a Maryland limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

20.    RPAI is a REIT that owns and operates high quality, strategically located open-air shopping centers, including properties with a mixed-use component.

21.    On July 18, 2021, RPAI's Board caused the Company to enter into the Merger Agreement with KRG.

22.    Pursuant to the terms of the Merger Agreement, RPAI's stockholders will receive 0.6230 shares of KRG common stock per share.

23.    According to the press release announcing the Proposed Transaction:

Kite Realty Group Trust (NYSE: KRG) and Retail Properties of America, Inc. (NYSE: RPAI) today announced that they have entered into a definitive merger

agreement under which RPAI would merge into a subsidiary of KRG, with KRG continuing as the surviving public company. The strategic transaction joins together two high-quality portfolios with complementary geographic footprints creating a top five shopping center REIT by enterprise value. The combined company is expected to have an equity market capitalization of approximately $4.6 billion and a total enterprise value of approximately $7.5 billion upon the closing of the transaction assuming a KRG share price of $20.83, which was the closing price on July 16, 2021. This immediately accretive transaction, paired with a strong balance sheet and significant value creation opportunities, is expected to provide a runway to increase long-term value for shareholders.

Under the terms of the merger agreement, each RPAI common share will be converted into 0.6230 newly issued KRG common shares in a 100% stock-for-stock transaction. Based on the closing share price for KRG on July 16, 2021, this represents a 13% premium to RPAI's closing stock price on July 16, 2021. On a pro forma basis, following the closing of the transaction, KRG shareholders are expected to own approximately 40% of the combined company's equity and RPAI shareholders are expected to own approximately 60%. KRG anticipates assuming all RPAI debt and has obtained a financing commitment to provide a $1.1 billion term loan bridge facility in the event certain debt consents cannot be obtained prior to the closing of the transaction. The parties expect the transaction to close during the fourth quarter of 2021 subject to customary closing conditions, including the approval of both KRG and RPAI shareholders. The transaction was unanimously approved by the Board of Trustees of KRG and the Board of Directors of RPAI.

The merger will create an operating portfolio of 185 open-air shopping centers comprised of approximately 32 million square feet of owned gross leasable area. These properties are primarily located in "Warmer and Cheaper" metro markets in the United States with 70% of centers by annualized base rent ("ABR") having a grocery component. The combined company is expected to benefit from increased scale and density in strategic markets, deeper tenant relationships given the broader mix of open-air retail types, an appropriately sized development pipeline and a strong balance sheet. . . .

Leadership and Organization

The combined company will continue to be operated at the high standards previously established at both KRG and RPAI. The number of trustees on KRG's board will be expanded to thirteen with four members of the existing Board of Directors of RPAI to be appointed to KRG's board. John Kite will continue to serve as Chairman of the Board of Trustees of the combined company. William Bindley will continue to serve as Lead Independent Trustee.

The KRG management team will lead the combined company, with John Kite as Chief Executive Officer, Thomas McGowan as President and Chief Operating Officer and Heath Fear as Chief Financial Officer. The approach to integration will

draw from the best practices of both companies to ensure continuity for tenants, employees, and other stakeholders.

Upon completion of the merger, the company's headquarters will remain in Indianapolis, Indiana. The company will retain the Kite Realty Group name and trademarks and will continue to trade under the NYSE symbol KRG. . . .

Advisors

BofA Securities is acting as lead financial advisor to KRG, with KeyBanc Capital Markets also acting as financial advisor to KRG. Hogan Lovells US LLP is acting as legal advisor to KRG. Citigroup Global Markets Inc. is acting as exclusive financial advisor and Goodwin Procter LLP is acting as legal advisor to RPAI.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

24.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the Registration Statement omits material information.

26.     First, the Registration Statement omits material information regarding the Company's and KRG's financial projections.

27.     The Registration Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi").

30.     With respect to Citi's Discounted Cash Flow Analysis of RPAI, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the terminal capitalization

rates and discount rates; (iv) the Company's net debt and non-controlling interests; and (v) projected net operating income for the fiscal year ending 2026.

31.     With respect to Citi's Discounted Cash Flow Analysis of KRG, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the terminal capitalization rates and discount rates; (iv) net debt and non-controlling interests; and (v) projected net operating income for the fiscal year ending 2026.

32.     With respect to Citi's Selected Public Companies Analyses for RPAI and KRG, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Citi in the analyses.

33.     With respect to Citi's research analysts' price targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

34.     With respect to Citi's illustrative discounted cash flow analysis for the combined company, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the terminal capitalization rates and discount rates; and (iii) the synergies used in the analysis.

35.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

37.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and RPAI**

38.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  RPAI is liable as the issuer of these statements.

40.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43.    The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and KRG**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants and KRG acted as controlling persons of RPAI within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of RPAI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48.     Each of the Individual Defendants and KRG was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

50.     KRG also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

51.     By virtue of the foregoing, the Individual Defendants and KRG violated Section 20(a) of the 1934 Act.

52.     As set forth above, the Individual Defendants and KRG had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  August 31, 2021                    **RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
       Seth D. Rigrodsky
       Timothy J. MacFall
       Gina M. Serra
       Vincent A. Licata
       825 East Gate Boulevard, Suite 300
       Garden City, NY 11530
       (516) 683-3516
       sdr@rl-legal.com
       tjm@rl-legal.com
       gms@rl-legal.com
       vl@rl-legal.com

*Attorneys for Plaintiff*